IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SKY JET M.G. INC.,

    Plaintiff,

    v.

VSE AVIATION SERVICES, LLC,

    Defendant.

Case No. 2:23-cv-02210-HLT

**MEMORANDUM AND ORDER**

    Plaintiff Sky Jet M.G., Inc. purchased a part for its aircraft engine that had been overhauled by Defendant VSE Aviation Services, LLC. Shortly after the part was installed, the aircraft experienced two "hot starts" that damaged the engine. Plaintiff has sued Defendant alleging negligence in its overhaul of the part and unjust enrichment. In the course of the case, an issue of spoliation arose surrounding Plaintiff's loss of the cockpit voice recording from the hot starts. Defendant filed a motion for sanctions on that issue. On the presumption that Plaintiff's expert would be excluded from testifying at trial as a sanction for spoliation, Defendant now moves for summary judgment. Doc. 85. Defendant also seeks summary judgment on the unjust-enrichment claim on separate grounds.

    The magistrate judge has issued a ruling on the sanctions motion. Doc. 91. Although sanctions were issued, Plaintiff's expert has not been excluded from testifying. Accordingly, Defendant's motion is denied to the extent it seeks summary judgment on grounds that Plaintiff will lack expert testimony. However, Defendant's motion is granted as to Plaintiff's unjust-enrichment claim because Plaintiff has not come forward with facts showing that it conferred a benefit on Defendant.

I.  **BACKGROUND**[1]

Plaintiff owns a 1996 Beech 1900D twin engine, turbo-prop aircraft. DSOF 1. On January 26, 2022, Defendant entered into a contract with Precision Heliparts, Inc. – Canada to sell a fuel control unit ("FCU") for $21,110. DSOF 2. Defendant had overhauled the FCU and determined it to be airworthy. *Id.* Also on January 26, 2022, PAI Canada ULC sold the FCU to Plaintiff for $26,500. DSOF 3.[2] Plaintiff installed the FCU on the left engine of the aircraft on January 29, 2022. DSOF 3; PSOF 4.

On January 29, 2022, Plaintiff performed a ground run. DSOF 5. On January 30, 2022, it performed a test flight. *Id.* Both were successful. *Id.* The aircraft was returned to service. *Id.*; *see also* PSOF 4-5.

On January 30, 2022, the aircraft was damaged following two hot starts. DSOF 6; PSOF 6. After the hot starts, Plaintiff sent the engine, with the FCU, to Pratt & Whitney, who subsequently sent the FCU to Woodward (the manufacturer of the FCU). PSOF 7. Plaintiff sent the aircraft's cabin/cockpit voice recorder ("CVR") and flight data recorder ("FDR") to Logic Air to obtain the vocal soundtrack and data information. DSOF 7 (including response and reply).

Plaintiff has sued Defendant for negligence in overhauling the FCU and for unjust enrichment for accepting payment for the defective part. DSOF 8. Defendant denies it caused damage to the aircraft and contends that the pilots failed to properly manage the increasing temperature before the damage occurred. DSOF 9. During discovery, Defendant sought the CVR

---

[1] The following facts are taken from the undisputed facts in Defendant's memorandum (Doc. 86, referred to as "DSOF") and Plaintiff's response (Doc. 87, referred to as "PSOF").

[2] These are the undisputed facts in the motion, which are also stipulations in the Pretrial Order. *See* Doc. 81 at 2-3. The relationship between Precision Heliparts, which bought the FCU from Defendant on January 26, 2022, and PAI Canada ULC, which sold the FCU to Plaintiff that same day, is not explained, as discussed below.

and FDR data. DSOF 10. The CVR data was never produced. *Id.* The recording from the CVR was the subject of a motion for spoliation sanctions. *Id.*; *see also* Doc. 91.

## II. STANDARD

Summary judgment is appropriate if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to demonstrate that genuine issues remain for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In applying this standard, courts view the facts and any reasonable inferences in a light most favorable to the nonmoving party. *Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 (10th Cir. 1994). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation and citation omitted).

## III. ANALYSIS

### A. Negligence

Defendant argues that Plaintiff's negligence claim will require expert testimony to establish the breach of a duty and the cause of damages. Doc. 86 at 5. This is because these are not matters within a lay jury's knowledge. *Id.* Therefore, if the Court prevents Plaintiff's expert from testifying as a spoliation sanction, Plaintiff will have no expert to opine on breach of duty and causation, and Defendant will be entitled to summary judgment on the negligence claim. *See id.* at 6.

The magistrate judge has ruled on the sanction motion. Although the magistrate judge imposed sanctions, those sanctions do not prevent Plaintiff's expert from testifying.[3] *See generally* Doc. 91. Accordingly, Defendant's motion for summary judgment on this claim is denied.

---

[3] Defendant did not request that the Court preclude Plaintiff's expert from testifying at trial. *See* Doc. 79 at 10. Rather, it only requested, as one option for sanctions, an order "precluding Sky Jet's witnesses, including its expert

B.  **Unjust Enrichment**

Defendant argues that Plaintiff cannot succeed on its unjust-enrichment claim for two reasons. First, Defendant argues that Plaintiff cannot show that the retention of any benefit was unjust if it cannot present expert testimony to show that the faulty FCU was attributable to Defendant. Doc. 86 at 7. Given the sanctions ruling, this argument is denied.

Defendant's second argument is that Plaintiff cannot prevail on an unjust-enrichment claim because Plaintiff purchased the FCU from a third party. Therefore any benefit conferred by Plaintiff was conferred on that third party, not on Defendant. *Id.* A claim for unjust enrichment requires a showing that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciates or has knowledge of the benefit; and (3) there are circumstances in which allowing the defendant to retain the benefit would be inequitable. *Gonzalez v. Pepsico, Inc.*, 489 F. Supp. 2d 1233, 1249 (D. Kan. 2007). A lack of privity does not automatically foreclose an unjust-enrichment claim. *Id.*; *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 847 (Kan. 1996). But unjust enrichment "seems to presume some contact between the party conferring the benefit and the recipient." *Approved Paving, LLC v. Paul Heinen & Assocs., Inc.*, 2021 WL 5865130, at *3 (Kan. Ct. App. 2021).

Here, the undisputed facts are that Defendant sold the FCU to Precision Heliparts on January 26, 2022, for $21,110. DSOF 2. That same day, Plaintiff bought the same FCU from PAI Canada ULC for $26,500. DSOF 3. Obviously the FCU passed from Defendant to Plaintiff. But there are no facts in the record suggesting that Plaintiff bought the FCU from Defendant, or that

---

witnesses from providing any evidence or testimony as to what transpired in the cockpit or any communications of the pilots or the mechanic's actions and communications about the incidents." *Id.*

the deal somehow involved Plaintiff conferring a benefit on Defendant. This forecloses Plaintiff's unjust-enrichment claim.[4]

Plaintiff's response states that "the parties have stipulated that Sky Jet paid $26,500 for the FCU and VSE received $21,110 for the FCU. . . . Thus, Sky Jet conferred a benefit on VSE, albeit indirectly through the distributor." Doc. 87 at 11. Plaintiff also relies on *Gonzalez v. Pepsico, Inc.* in concluding that "[w]here a plaintiff purchases a product indirectly (not directly from the manufacturer) and receives a defective product, the manufacturers' retention of the purchase price is inequitable." Doc. 87 at 11 (citing *Gonzalez*).

The holding in *Gonzalez* is not so expansive. *Gonzalez* only held that privity is not required and that a benefit can be conferred indirectly. 489 F. Supp. 2d at 1249.[5] The fact that Plaintiff bought an FCU that once belonged to Defendant does not show that Plaintiff conferred an indirect benefit. At most, the undisputed facts show Defendant had a transaction with Precision Heliparts for the FCU. And Plaintiff had a transaction with PAI Canada ULC for the same FCU. To find that this satisfies the elements of unjust enrichment would open up every consumer transaction to such a claim against a manufacturer. Plaintiff has not cited any authority that would allow for such a

---

[4] Defendant's motion, in the analysis section, states Plaintiff purchased the FCU from Precision Heliparts. Doc. 86 at 7; *see also* Doc. 90 at 9. But the undisputed facts are that Defendant sold the FCU to Precision Heliparts and Plaintiff purchased the FCU from PAI Canada ULC. DSOF 2-3; *see also* Doc. 81 at 2 (stipulated fact 2.a.ix). In the Pretrial Order, Plaintiff states that Defendant sold the FCU to Precision Heliparts, and that Plaintiff purchased it from PAI Canada ULC, and that Plaintiff had no contract with Defendant and Plaintiff is not bound by any agreement Defendant had with Precision Heliparts. Doc. 81 at 4-5. Given that these transactions all occurred on the same day (January 26, 2022), it is possible that there is some relationship between Precision Heliparts and PAI Canada ULC. But neither party has explained whether that is the case or what that relationship is.

[5] *Gonzalez* also involved a motion to dismiss, not a summary-judgment motion. 489 F. Supp. 2d at 1237. The Court also notes that the Tenth Circuit has suggested that there is "nothing in Kansas law that supports an indirect [unjust-enrichment] claim" against a parent corporation for payments made to a subsidiary. *Spires v. Hosp. Corp. of Am.*, 289 F. App'x 269, 273 (10th Cir. 2008). A District of Kansas opinion has concluded that *Spires* does not necessarily foreclose an unjust-enrichment claim based on an indirect benefit because the underlying issue in *Spires* was that no benefit whatsoever (whether indirect or direct) had been conferred. *TP ST Acquisition v. Lindsey*, 2021 WL 1750872, at *16-17 (D. Kan. 2021). For purposes of this order, the Court will presume an indirect benefit could suffice. But as discussed, there is no evidence of any such benefit under the undisputed facts of this case.

broad reading. *See In re Aftermarket Filters Antitrust Litig.*, 2010 WL 1416259, at *3 (N.D. Ill. 2010) ("[P]laintiffs are unable to allege that they have conferred a benefit on defendants except to argue that they are the ultimate end users. Any benefit that plaintiffs have conferred, however, would be on others in the chain of distribution from whom they purchased, not on defendants.").[6]

Even if "a benefit <u>may</u> be conferred indirectly," *Gonzalez*, 489 F. Supp. 2d at 1249 (emphasis added), and privity is not required, *see id.*, the Kansas Supreme Court has held that "the circumstances under which an [unjust-enrichment] claim may be brought . . . absent privity[] are indeed limited," *Haz-Mat*, 910 P.2d at 847. "[T]here must exist such special circumstances to warrant such an action." *Id.* (citing as examples "evidence that the owner misled the subcontractor to his or her detriment, or that the owner in some way induced a change of position in the subcontractor to his or her detriment, or some evidence of fraud"). There are no such special circumstances in the record here. At most, the undisputed facts show that Plaintiff bought an FCU from a third party that had previously been restored by Defendant. To the extent there is more to the transaction that could supply the missing connection, Plaintiff has not made that showing.

Based on this, the Court finds that Plaintiff has not come forward with facts on which a jury could rely to find that it conferred a benefit on Defendant. Defendant is therefore entitled to summary judgment on the unjust-enrichment claim.

---

[6] This decision was discussing unjust-enrichment claims brought under the laws of Kansas, Maine, Michigan, North Carolina, Utah, and Wyoming. *Aftermarket Filters*, 2010 WL 1416259, at *2-3.

IV.     **CONCLUSION**

THE COURT THEREFORE ORDERS that Defendant's Motion for Summary Judgment (Doc. 85) is GRANTED IN PART and DENIED IN PART. The motion is denied as to the negligence claim. The motion is granted as to the unjust-enrichment claim.[7]

IT IS SO ORDERED.

Dated: June 13, 2025               /s/ *Holly L. Teeter*
                                   HOLLY L. TEETER
                                   UNITED STATES DISTRICT JUDGE

---

[7] In the course of the summary-judgment briefing, some other issues were raised by the parties in the response and reply. These include whether Plaintiff's negligence claim falls under the Kansas Product Liability Act or whether this is a new theory, and whether this limits Plaintiff's damages. These issues are not the subject of the motion and the Court does not otherwise address them. But given the significance of these issues to this case, i.e., the nature of the claims and the allowable damages, the Court strongly suggests that the parties address these issues between themselves in advance of trial.