IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SKY JET M.G. INC.,

Plaintiff,

v.

VSE AVIATION SERVICES, LLC,

Defendant.

Case No. 2:23-cv-02210-HLT

**MEMORANDUM AND ORDER**

Plaintiff Sky Jet M.G. Inc. sued Defendant VSE Aviation Services, LLC, for damages sustained to an aircraft engine. During the course of the case a spoliation issue arose surrounding Sky Jet's loss of the cockpit voice recording of the damaged aircraft. VSE filed a motion for sanctions on that issue. The magistrate judge found that Sky Jet failed to preserve the recording, that VSE was prejudiced by the loss, and that Sky Jet's actions indicated an intent to deprive VSE of the evidence. To rectify this spoliation, the magistrate judge ordered that an adverse-inference instruction be given at trial, that the pilots not be permitted to testify, and that Sky Jet pay VSE's fees and costs incurred in trying to recover the evidence and filing the sanctions motion. Doc. 91.

Both parties have objected to the sanctions order. Sky Jet argues the magistrate judge committed legal error by finding an intent to deprive where the evidence in question was just lost. Doc. 98. But Sky Jet's motion ignores the other findings of the magistrate judge that gave rise to an inference of intent to deprive. VSE objects that the magistrate judge should have dismissed the case as a sanction. Doc. 99. But VSE's quarrel with the ultimate conclusion of the sanctions order does not demonstrate that the order was clearly erroneous or contrary to law or was subject to reversal under any standard. Accordingly, the Court overrules both objections.

I.      BACKGROUND

The Court has reviewed the record and relevant filings and is familiar with the factual allegations surrounding the motion for sanctions. Neither party raises any challenge to the factual recitation in the sanctions order. The Court therefore provides this background drawn primarily from that order, though it has considered the record as a whole.

This case arises out of a malfunction in an aircraft engine (two so-called "hot starts") on January 30, 2022. Sky Jet believes the hot starts and resultant damage to the aircraft engine were attributable to a faulty fuel control unit ("FCU") that had been overhauled by VSE before being installed in Sky Jet's aircraft. Doc. 91 at 2. VSE believes that the engine was having problems before the FCU was replaced and that the damage is attributable to another defect in the engine and could have been avoided had the pilots reacted properly when the malfunction began. *Id.* The aircraft had a flight data recorder ("FDR"), which records various aircraft performance and power settings, and a cockpit voice recorder ("CVR"), which records voices and sounds in the cockpit. *Id.*

Sky Jet filed the lawsuit on May 9, 2023. Doc. 1. On August 31, VSE served written discovery requests. Doc. 26. Sky Jet responded on September 29. Doc. 29. One of those requests sought "any recording of the two starts that are the subject of the Complaint." Doc. 91 at 2. Sky Jet responded: "None known." *Id.*; *see also* Doc. 79-7 at 5.

In November 2023, Sky Jet produced aircraft maintenance records. Doc. 91 at 2. One of those records showed that the aircraft's FDR and CVR were reinstalled in 2022 "AFTER READ OUT." *Id.* at 2-3; *see also* Doc. 83-3 at 2. In light of this, VSE's counsel contacted Sky Jet's counsel about the existence of FDR and CVR recordings. Doc. 91 at 3; Doc. 79-8 at 2. Sky Jet's counsel said he asked for the recording and "was told it no longer existed." Doc. 79-8 at 2-3.

Discovery was set to close on December 15, 2023. Doc. 91 at 3. VSE noticed a Rule 30(b)(6) deposition of Sky Jet's corporate representative for December 14. The topics for the deposition included Sky Jet's discovery responses, Sky Jet's investigation into the hot starts, why the FDR and CVR data was not preserved, and the identity of the person or entity who has or had possession of the FDR and CVR data. *Id.* Sky Jet designated its president, Mathieu Gingras,[1] to testify. *Id.* At Gingras's deposition, VSE first learned that Sky Jet had sent the FDR and CVR to Logic Air to have the data extracted. *Id.* Gingras said they never received it back from Logic Air and that he had asked the maintenance department about it the day before and no one in the maintenance department had a copy of the CVR data. *Id.*

On December 15, 2023, VSE deposed Sky Jet's former Director of Maintenance and current Chief Mechanic, Gerry Letiec. *Id.* Letiec testified no one had asked for the FDR or CVR readouts in the past six months and he had never tried to find the recordings. *Id.* That same day, Sky Jet requested the FDR and CVR data from Logic Air. *Id.* at 4. Sky Jet received some readouts but they were for the wrong day. *Id.* Logic Air also told Sky Jet that the CVR data for the right day had been lost due to a computer malfunction. *Id.* Sky Jet produced the data it received from Logic Air to VSE but did not mention it was for the wrong day. *Id.*

VSE subsequently reached out to Sky Jet, noted the data was from the wrong day, and asked Sky Jet to give Logic Air authorization to work directly with VSE. *Id.* Sky Jet later sent a letter to Logic Air asking for its "voluntary cooperation" regarding the FDR and CVR data. *Id.*

Logic Air did not respond to the parties' requests. *Id.* at 5. VSE subsequently had to secure Canadian counsel (Logic Air is a Canadian company) to try to formally request information from Logic Air. *Id.*

---

[1] At different points the record, Gingras's name is spelled Gringas. This order uses the spelling from his deposition.

On June 25, 2024, Logic Air produced Marc Meagher for a deposition. *Id.* at 6. Meagher testified Logic Air had sent Sky Jet the FDR and CVR readouts on two identical DVDs that were sent in the same box as the returned FDR and CVR units. *Id.* at 6-7. On June 27, Logic Air produced emails it exchanged with Sky Jet immediately after the hot starts. *Id.* at 7. The emails reflected that on January 31, 2022 (the day after the hot starts), Sky Jet's Maintenance Control Officer Patrick Labrie contacted Meagher about wanting "to obtain and extract the vocal sound track and data information for internal management purpose." *Id.* Labrie emphasized that Meagher should not erase any data from the FDR and CVR units. *Id.* Logic Air downloaded the data. *Id.* Meagher emailed Labrie that the downloads were complete and would be on two DVDs in the box with the FDR and CVR units. *Id.* Meagher's email explained how to listen to the CVR data and noted, "It's more interesting from the 30 minute mark." *Id.* VSE received these emails directly from Logic Air on June 27, 2024. *Id.* Sky Jet never produced them during discovery. *Id.*

Following this discovery, VSE filed a motion for sanctions based on the spoliation of the CVR data. Doc. 78. The magistrate judge analyzed the spoliation issue under Rule 37(e) and found that Sky Jet had a duty to preserve the CVR data but failed to take reasonable steps to do so. Doc. 91 at 10-11. The CVR data was lost and cannot be restored. *Id.* at 12. VSE was prejudiced by the loss given its expert's opinion that the pilots' failure to properly respond caused or exacerbated the damage attributed to the hot starts. *Id.* at 12-13. Those pilots are no longer employed by Sky Jet and are not available to testify. *Id.* at 13. Finally, the magistrate judge found that the evidence suggested that Sky Jet acted with an intent to deprive VSE of the CVR data. *Id.* at 13-19. First, although Sky Jet received the DVDs with the CVR readouts from Logic Air, it has no explanation for what happened to those DVDs. *Id.* at 14. Gingras and Letiec gave conflicting testimony about attempts to find the data. *Id.* Second, Sky Jet's actions in discovery suggest an attempt to cover up

the loss of the data. *Id.* at 15. Sky Jet gave a false and misleading answer to the discovery request for recordings, failed to disclose Logic Air's involvement, and made little effort to secure Logic Air's cooperation. *Id.* at 15-17. The magistrate judge concluded:

> Sky Jet's litigation conduct—the untruthful "none known" discovery response, the evasive and dishonest 30(b)(6) testimony, the fact that it was Logic Air (not Sky Jet) that ultimately produced the emails memorializing that Logic Air did in fact deliver DVDs with the readouts to Sky Jet, and the lack of any early initiative by Sky Jet to obtain its own discovery from Logic Air about what might have happened to the readouts—suggests, at the very least, that Sky Jet tried to run out the clock on discovery in the hopes of avoiding spoliation sanctions for its failure to preserve. Sky Jet's failure to preserve the CVR data was not ignorance or incompetence, nor the result of mere negligence.
>
> . . . .
>
> In sum, the only reasonable inference the court can draw from Sky Jet's dishonest and misleading discovery conduct—combined with the lack of any explanation whatsoever as to what happened to the CVR data after Sky Jet received it back from Logic Air and the fact that Sky Jet now advances the baseless argument that it had no duty to preserve under Canadian law when the Federal Rules of Civil Procedure clearly govern its preservation obligations in a case Sky Jet itself brought in a United States court—is that Sky Jet acted with the intent to deprive VSE of the CVR data in this litigation.

*Id.* at 17-18.

The magistrate judge then considered what sanction would be appropriate. VSE's request for entry of default judgment was not warranted because that is usually only an appropriate sanction in extreme circumstances after a warning has first been given. *Id.* at 19-20. But the magistrate judge did find that an adverse-inference instruction was warranted, especially given the likelihood that the missing CVR data would have been favorable to VSE. *Id.* at 20. The adverse-inference instruction reads:

> Sky Jet was under a duty to preserve the data from its aircraft's cockpit voice recorder ("CVR") following the hot-start incident with

> the aircraft's left engine. Sky Jet did not take reasonable steps to preserve the CVR data, and the CVR data was lost as a result. The lost CVR data cannot be restored or replaced by additional information provided during this litigation. Because of this, you may, but are not required to, infer that the lost CVR data would have been favorable to VSE and unfavorable to Sky Jet.

*Id.*[2] The magistrate judge declined to award VSE's generalized request to limit testimony, but she did find that the pilots, to the extent they could be located, would not be permitted to testify at trial. *Id.* at 21.

Finally, the magistrate judge awarded VSE its reasonable attorneys' fees and expenses in attempting to obtain data from the FDR and CVR and in preparing the sanctions motion. *Id.* at 21-22. The parties have since reached an agreement as to that amount. *See* Doc. 103.

Following entry of the sanctions order, both parties filed objections. Sky Jet challenges the magistrate judge's finding that there was an intent to deprive VSE of discovery and her ruling that the adverse-inference instruction should be given. Doc. 98. Sky Jet does not challenge the award of attorneys' fees. VSE objects to the magistrate judge's decision to not dismiss the case as a sanction. Doc. 99.

## II.   STANDARD

A district judge may set aside a magistrate judge's order on a non-dispositive matter "that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, a reviewing court must affirm a magistrate judge's order unless it is "left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (internal quotation and citation omitted). The "contrary to law" standard permits "an independent review of purely legal determinations." *Norwood v. United*

---

[2] This case is set for trial beginning December 8, 2025. Doc. 100.

*Parcel Serv., Inc.*, 2021 WL 75641, at *1 (D. Kan. 2021). Where an order fails to apply or misapplies relevant law, the order is "contrary to law." *Id.* (citation omitted).

**III.   ANALYSIS**

    **A.   Sky Jet's Objection (Doc. 98)**

Sky Jet's objection is limited. It objects to the magistrate judge's finding under Rule 37(e)(2) that it acted with the intent to deprive VSE of the CVR data and that an adverse-inference instruction is warranted. Doc. 98 at 1.[3] It argues the sanctions order contains a legal error because it relies on three cases "to erroneously hold that Sky Jet's lack of explanation for how the CVR recordings disappeared is legally sufficient to infer that Sky Jet intentionally destroyed the CVR recordings to deprive VSE of their use." *Id.* at 2; *see also id.* at 10 ("[T]he fact that Sky Jet cannot account for what happened to the DVDs after Logic Air sent them does not suggest that Sky Jet listened to the CVR recording, decided that it hurts the case, and intentionally destroyed the recording to deprive VSE of its use."). Sky Jet contends that the reasoning of the sanction order "would mean that any party who loses ESI would also be found to have intentionally deprived the other party of its use, because by the nature of being lost, the spoliating party cannot account for it." *Id.* at 3.

Because Sky Jet does not challenge the preliminary requirements of Rule 37, or the finding of prejudice under Rule 37(e)(1), the Court focuses on the standard for imposing the limited sanctions listed in Rule 37(e)(2). Once the prerequisites of Rule 37 are met, a court can impose more severe sanctions—adverse inference instructions or dismissal—"only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation." Fed.

---

[3] Sky Jet does not challenge the factual findings in the sanctions order, object to the finding that the threshold requirements of Rule 37 were met, or object that the loss of the CVR data prejudices VSE. Nor does it object to the award of attorneys' fees. *See* Doc. 98 at 3.

R. Civ. P. 37(e)(2). A finding of negligence or gross negligence is not sufficient. Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment; *see also Hoffer v. Tellone*, 128 F.4th 433, 438 (2d. Cir. 2025). This is similar to a bad-faith requirement. *Equal Emp. Opportunity Comm'n v. JetStream Ground Servs., Inc.*, 878 F.3d 960, 965-66 (10th Cir. 2017); *see also Stovall v. Brykan Legends*, *LLC*, 2019 WL 480559, at *3 (D. Kan. 2019). "[I]ntent can be proved indirectly." *Auer v. City of Minot*, 896 F.3d 854, 858 (8th Cir. 2018). Because there is rarely direct evidence of intent, courts may find an intent to deprive through circumstantial evidence. *N. Am. Sci. Assocs., LLC v. Conforti*, 2024 WL 4903753, at *16 (D. Minn. 2024). The intent-to-deprive standard in Rule 37(e)(2) can be met where "the evidence shows or it is reasonable to infer" that a party "purposefully destroyed evidence to avoid its litigation obligations." *Id.* (internal quotation and citation omitted).[4]

An important fact glossed over by Sky Jet is that the sanction order did not infer an intent to deprive simply because Sky Jet lost the CVR data and could not explain what happened to it. The analysis went much further. It noted the unexplained loss but also highlighted Sky Jet's behavior throughout discovery, which the magistrate judge described as a "shameful trail of events." Doc. 91 at 14-17. This included inconsistent testimony, a discovery response that Sky Jet concedes in "hindsight" was misleading, Doc. 98 at 13, and a complete failure to disclose Logic Air's role until the close of discovery.

As detailed by the magistrate judge, the facts show that Sky Jet immediately sought the CVR data after the hot starts and deemed the recordings important. Logic Air retrieved the data, sent it to Sky Jet, and noted where the "more interesting" parts of the recording started. But by the

---

[4] Sky Jet's objection agrees that Rule 37(e)(2)'s intent requirement can be met via inference or circumstantial evidence. Doc. 98 at 9-10.

time discovery began, Sky Jet said it had no knowledge of any CVR data existing. Despite asking for and receiving the data, Sky Jet has no explanation as to where it went. It failed to disclose that Logic Air retrieved the data and that it might have copies even if Sky Jet no longer did. Sky Jet failed to note Logic Air's involvement at all. Once VSE started asking more pointed questions, Sky Jet disclosed it had sent the recordings to Logic Air. Gingras testified he asked maintenance about the data. But Letiec, the former Director of Maintenance, said no one ever asked about the CVR data in the previous six months and he had never tried to find it. Finally, once VSE began pressing the matter, Sky Jet took a rather passive approach toward the whole issue and offered little assistance in securing the cooperation of Logic Air. Perhaps not every factfinder would look at these circumstances and conclude that Sky Jet acted with an intent to deprive VSE of the CVR data. But it is not so implausible a conclusion as to be clearly erroneous or contrary to law.

Sky Jet nevertheless argues the magistrate judge committed an error of law because the cases cited and relied on "involved overt intentional destruction" rather than just "loss." Doc. 98 at 11. The Court discerns no error of law for three reasons.

First, the Court again notes that the premise of Sky Jet's argument is flawed. The sanction order did not find that there was an intent to deprive under Rule 37(e)(2) <u>solely because the data was lost without explanation</u>. As discussed above, the analysis turned on the unexplained missing evidence, the inconsistent testimony, the misleading discovery responses, <u>and</u> the continued lack of assistance from Sky Jet. Although there was no direct evidence that someone at Sky Jet intentionally destroyed the DVDs, these facts were sufficient to infer that Sky Jet did, in fact, act intentionally to deprive VSE of the evidence. In other words, the <u>inference was drawn</u> that Sky Jet took intentional actions to prevent VSE from getting the CVR data. Sky Jet's attempt to reframe

the facts as showing nothing more than innocent misplacement is not in line with what really occurred.

Second, Rule 37(e)(2) does not require evidence of "intentional destruction." It only requires a finding that the spoliating party acted with "the intent to deprive" the opposing party of the evidence. *See* Fed. R. Civ. P. 37(e)(2). A party need not actively destroy evidence to be found to have acted with the intent to deprive. They could also fail to preserve evidence. *See* Fed. R. Civ. P. 37(e)(2) advisory committee's note to 2015 amendment ("This subdivision authorizes courts to use specified and very severe measures to address or deter failures to preserve electronically stored information, but only on finding that the party that lost the information acted with the intent to deprive another party of the information's use in the litigation."). Certainly, direct evidence of intentional destruction would likely satisfy the standard in Rule 37(e)(2). But the caselaw states—and Sky Jet agrees, *see* Doc. 98 at 9—that an intent to deprive can be inferred from circumstantial evidence. *N. Am. Sci. Assocs., LLC*, 2024 WL 4903753, at *16. If direct evidence of intentional destruction was required, circumstantial evidence and inferences would play no part.

Third, while the cases Sky Jet highlights did involve a finding or inference of intentional destruction, none of those cases establish the rule Sky Jet advances here. In *CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488, 501 (S.D.N.Y. 2016), the court found that the plaintiffs had intentionally altered emails to gain an advantage in the litigation. The court found this satisfied Rule 37(e)(2). In *Estate of Hill v NaphCare, Inc.*, 2022 WL 1464830, at *13 (E.D. Wash. 2022), there was testimony that there had been an intentional decision to preserve some jail video footage but not all of it, and that given the absence of a credible explanation for why, the court found it reasonable to infer that the defendant acted with intent to avoid its litigation obligations. In *Alabama Aircraft Industries, Inc. v. Boeing Co.*, 319 F.R.D. 730, 746 (N.D. Ala. 2017), the court

considered ESI that had been deleted from a computer, which the court called "unexplained, blatantly irresponsible behavior," and found it supported a finding that the defendant acted with the intent to deprive the plaintiff of the information. But in none of these cases did the court find that Rule 37(e)(2) could only be satisfied where there was intentional manipulation or destruction of evidence. To the extent Sky Jet argues that "these cases do not stand for the proposition that an inability to account for lost evidence is sufficient for a court to infer intent to deprive," Doc. 98 at 12-13, that is not the whole story of what happened here, as discussed above.

Sky Jet alternatively argues that there was legal error because the sanction order did not cite or follow *Stovall*, 2019 WL 480559, at *4.[5] There, the court found the evidence did not "rise[] to the stringent 'intent' requirement set forth in the amended Rule 37(e)." *Id.* But in *Stovall*, the video evidence had been preserved initially. It had been provided to the defendant's insurance carrier for a workers' compensation matter. *Id.* at *1. The link to that copy subsequently expired. *Id.* A representative of the defendant kept a copy in his desk, but it was later lost and could not be found despite him "desperately looking" for it. *Id.* The court found failing to preserve the video under these facts did not, standing alone, warrant a finding of a culpable state of mind. *Id.* at *4.

*Stovall* is distinct from this case. In *Stovall*, there were no facts suggesting "misleading" discovery responses or any attempts to cover up the existence and subsequent loss of the CVR data. Perhaps if Sky Jet had been up front about losing the CVR data, *Stovall* would warrant a different outcome. But the case is not otherwise on par with the facts here.

In sum, the Court discerns no legal error in the magistrate judge's ruling. Sky Jet simply disputes the conclusion reached by the magistrate judge. This is particularly true with regard to

---

[5] As VSE points out in its response, and as Sky Jet concedes in its reply, the sanctions order did cite *Stovall*. *See* Doc. 91 at 9.

Sky Jet's arguments that its conduct in discovery should not be used to infer an intent to deprive.[6] But that conclusion is not clearly erroneous or contrary to law because it is in line with the evidence and the relevant authority. The Court would reach the same result if it employed de novo review. Sky Jet's objection is therefore overruled.

### B.    VSE's Objection (Doc. 99)

VSE objects to the sanctions order because the magistrate judge did not find that dismissal was warranted. Doc. 99. Before turning to the substantive arguments VSE makes about the sanctions order, the Court addresses the arguments VSE makes about what standard of review the Court should employ. Under Rule 72(b), dispositive rulings by magistrate judges are reviewed de novo. But under Rule 72(a), non-dispositive rulings can only be set aside if they are clearly erroneous or contrary to law.

It is unclear exactly which level of review VSE is advocating. VSE agrees that a magistrate judge has authority to issue discovery sanctions. Doc 99 at 2. VSE also agrees that it is the sanction imposed that controls whether the ruling is dispositive, not the sanction requested. *Id.* at 2-3; *see also Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1519-20 (10th Cir. 1995) ("Even though a movant requests a sanction that would be dispositive, if the magistrate judge does not impose a dispositive sanction the order falls under Rule 72(a) rather than Rule 72(b)."). Here, the magistrate judge did not recommend dismissal and thus made no dispositive ruling. Based on this, VSE seems

---

[6] Sky Jet argues that it never hid the ball because it turned over documents reflecting that the CVR was removed for readouts. Doc. 98 at 13. But disclosing that the CVR was removed for readouts while simultaneously stating that no recordings existed is not the vindication Sky Jet seems to think it is. Sky Jet also argues that the CVR data was never really lost because Logic Air had a copy of it, and Sky Jet had no incentive to destroy its copy because the information would have been available from Logic Air. But it appears Sky Jet never let VSE know that Logic Air was even involved until it was too late. Finally, Sky Jet postulates that Gingras did not see Letiec on the day when he supposedly asked the maintenance personnel if anyone had seen the CVR readouts. Letiec's testimony was that no one had asked for the CVR readouts for the past <u>six months</u>. *See* Doc. 91 at 3. Sky Jet's attempt to downplay the inconsistencies between Gingras's and Letiec's testimony is not persuasive. Nor does it appear this argument was ever raised by Sky Jet in response to the motion for sanctions. Sky Jet's objection is not an opportunity to take a second bite of the apple.

to agree that the standard for non-dispositive rulings under Rule 72(a) should apply (clearly erroneous or contrary to law). Doc. 99 at 3-4. But then it argues in the very next paragraph that the sanctions order has the "identical effect" as a dispositive ruling, despite no dispositive ruling being made, and that de novo review should apply. *Id.* at 4.

De novo review under Rule 72(b) is not warranted because the sanctions order was not dispositive. Although VSE argues that the sanctions order has the "identical effect" of a dispositive ruling, no dispositive sanction was imposed. Although VSE advocated for dismissal as a sanction in its underlying motion, the magistrate judge's denial of that request was not dispositive. *See Gomez*, 50 F.3d at 1519-20.

That leaves review under Rule 72(a), which permits the Court to set aside any non-dispositive ruling that is clearly erroneous or contrary to law. VSE's objection suggests that it believes the magistrate judge's order was contrary to the law because it did not dismiss the case despite having "ample grounds to do so." Doc. 99 at 3; *see also* Doc. 106 at 3 (VSE's reply arguing that the sanctions order misapplied the law because the sanctions "did not go far enough"). But VSE does not identify any improper or misapplied law. It does not suggest that the magistrate judge cited incorrect law or used the wrong standard. Ultimately, VSE just disagrees with the conclusion reached by the magistrate judge that dismissal was not proper. The Court construes this as a challenge that the sanctions order was clearly erroneous.

The Court finds the sanctions order was not clearly erroneous. The magistrate judge considered what sanctions were appropriate given that the factors in Rule 37(e) were all met. *See* Doc. 91 at 19-22. The sanctions considered were dismissal of the complaint, an adverse-inference instruction, restrictions on testimony, and attorneys' fees. *Id.* Regarding the request for dismissal, the magistrate judge noted that such a sanction is generally only proper in "extreme

13

circumstances." *Id.* at 19 (citing *Heglet v. City of Hays, Kan.*, 844 F.3d 1216, 1226 (10th Cir. 2017)). But because dismissal is generally not used as a sanction without prior warning, the magistrate judge found dismissal was not the proper sanction in this case. *Id.* at 19-20. Given these considerations and the availability of other effective sanctions, the Court does not find this was clearly erroneous. In the Court's experience, dismissal is an extreme sanction rarely used as a matter of first resort. *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (noting that dismissal "should be used as a weapon of last, rather than first, resort" (internal quotation and citation omitted)). The magistrate judge did not err for reaching the same conclusion.

The bulk of VSE's objection argues that the facts of this case warrant the "extreme" sanction of dismissal under the factors in *Ehrenhaus v. Reynolds*.[7] Those factors are: (1) the degree of actual prejudice to the opposing party; (2) the degree of interference with the judicial process; (3) the culpability of the offending party; (4) whether the offending party was previously warned dismissal would be a likely sanction; and (5) the efficacy of lesser sanctions. *Id.* at 921. The *Ehrenhaus* factors are not a "rigid test." *Id.* "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Id.* (internal quotation and citation omitted).

On the first factor, the degree of prejudice to VSE, the Court agrees that Sky Jet's actions have deprived VSE of evidence it could have potentially used in this case, particularly given VSE's expert's position that pilot error played a role.

---

[7] The sanctions order does not specifically cite *Ehrenhaus*. But it cites *Jefferson v. Amstead Rail Co.*, 2020 WL 1672665, at *4-7 (D. Kan. 2020), in support of the decision not to dismiss. *Jefferson* analyzed the *Ehrenhaus* factors. The Court does not take VSE's objection to be that the sanction order was contrary to law because it did not explicitly cite the *Ehrenhaus* factors. Nor would it find that to be an error. The sanctions order did not get that far because it found dismissal was only appropriate in extreme circumstances where a warning had first been given, which was not the case here.

On the second factor, interference with the judicial process, Sky Jet's actions have required additional judicial resources and interfered with the normal course of discovery. But this is not a case where Sky Jet has refused to comply with court orders, as has occurred in cases where dismissal was warranted. *See Jefferson*, 2020 WL 1672665, at *5-6 (involving multiple and repeated failures to comply with discovery obligations and court orders); *Jaiyeola v. Garmin Int'l, Inc.*, 2021 WL 2515023, at *14 (D. Kan. 2021) (dismissing case as a sanction after detailing the plaintiff's "unrelenting litigation habits" involving "frequent and repetitive filings that have consumed an inordinate amount of the Court's limited time and resources").

On the third factor, culpability of the litigant, the Court agrees that this factor weighs against Sky Jet. As discussed extensively above, Sky Jet acted with the intent to deprive VSE of the CVR data.

The fourth factor, prior warning, weighs against dismissal. This is not a case where Sky Jet was repeatedly warned that the case might be dismissed. Dismissal was raised for the first time in VSE's motion for sanctions.

Finally, the fifth factor considers the efficacy of lesser sanctions. *Ehrenhaus* specifically counsels against dismissal where a lesser sanction would suffice. *Ehrenhaus*, 965 F.2d at 922 (noting "Tenth Circuit law that the sanction of dismissal is not ordinarily warranted if lesser sanctions would be effective"). As explained throughout, Sky Jet's conduct did prejudice VSE. But dismissal is not the only way to address that prejudice, which distinguishes this case from others where dismissal was granted. *See Estate of Hill*, 2022 WL 1464830, at *16 (finding "there is no sanction short of default judgment that appropriately remedies the risk of prejudice to [the plaintiffs] while also avoiding unfair prejudice to [the other defendants], both of whom had no part in the spoliation"). The jury will be permitted to draw an inference that the missing CVR data

15

would have been favorable to VSE, and Sky Jet will not be permitted to call the pilots to testify in favor of its position. Although the CVR data is unique, VSE's expert was able to draw at least some information from the FDR data regarding pilot response time. Even without the CVR data, both parties will be able to present their theories of the case on the primary issue of what caused the hot starts.[8] VSE does not argue in its objection how or why the sanctions that were imposed will be ineffective at trial in this case. It only argues that stronger sanctions should be imposed "as an example to deter similarly egregious behavior." Doc. 99 at 8. But the need to deter others does not demonstrate that the sanctions imposed are insufficient to address Sky Jet's conduct here.

In sum, dismissal is not warranted under a fulsome consideration of the *Ehrenhaus* factors. The magistrate judge's decision to not recommend dismissal as a sanction was not clearly erroneous. The undersigned would reach the same conclusion if it applied de novo review or reviewed the order as being contrary to law.

## IV.    CONCLUSION

THE COURT THEREFORE ORDERS that Sky Jet's Objection (Doc. 98) and VSE's Objection (Doc. 99) are OVERRULED.

IT IS SO ORDERED.

Dated: July 31, 2025                         /s/ *Holly L. Teeter*
                                             HOLLY L. TEETER
                                             UNITED STATES DISTRICT JUDGE

---

[8] VSE's expert does not solely rely on pilot error to explain the damage to the engine. *See generally* Doc. 93.